IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| vs. : | CRIMINAL ACTION |
| : | NO. 2:05-CR-10-01-WCO |
| RANDALL LANE SCOTT, : | |
| : | |
| Defendant. : | |

## **O R D E R**

The captioned case is before the court for consideration of the government's motion to disqualify defendant's counsel, Arturo Corso, [150-1] and defendant's motion for extension of time to file a sentencing memorandum and objections to his presentence investigation report [152-1].

I.  Factual Background

On the morning this action was scheduled to be tried, defendant withdrew his not guilty plea and tendered a guilty plea to Count I of the indictment [146-1]. The court accepted defendant's plea and subsequently scheduled his sentencing. Prior to the scheduled sentencing, however, the government filed the motion to disqualify that is currently before the court. A looming conflict of interest prompted the government's filing.

Sometime in early 2007, Corso and David Kennedy associated to form a law firm, Corso & Kennedy. Their association is problematic because Kennedy

represents William Larry Jarrard, a federal inmate, who the government intends to call as its witness at defendant's sentencing. Jarrard will be testifying pursuant to a plea agreement into which he entered with the government in *United States v. Jarrard*, 2:04-CR-024-1.[1] In exchange for his cooperation and testimony, he hopes the government will file a Rule 35(b) motion for downward departure of his sentence.

II.   Discussion

A conflict of interest exists where "there is a significant risk that the lawyer's own interests or *the lawyer's duties to another client*, a former client, or a third person will materially and adversely affect the representation of the client." Ga. R. Prof. Con. 1.7(a)[2] (emphasis added). "[W]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so . . . ." Ga. R. Prof. Con. 1.10(a); *United States v. Ross*, 33 F.3d 1507, 1522 (11th Cir. 1994) ("[I]f one attorney in a firm has an actual conflict of interest, we impute that conflict to all the attorneys in the firm, subjecting the entire firm to disqualification."). Because the court is dealing with an imputed conflict, it is not necessary to decide whether

---

[1] The government has also moved in Jarrard's case to disqualify Kennedy.

[2] By local rule, the Georgia Rules of Professional Conduct governs lawyers' conduct in this court. *See* LR 83.1C, NDGa.

Corso, himself, has a direct conflict of interest. Instead, to resolve the government's motion to disqualify him, the court may inquire whether Corso's law partner and Jarrard's lawyer, Kennedy, would have an actual or serious potential conflict of interest had defendant retained him. *See United States v. Campbell*, — F.3d —, 2007 U.S. App. LEXIS 16722, *6 (11th Cir. July 13, 2007)(employing this analysis to determine whether an attorney was disqualified from representing defendant because the attorney's partner had represented a government witness in an earlier, related criminal proceeding). If Kennedy has a conflict of interest, then, as a matter of law, Corso does too. *Id*.

There is simply no question that a conflict of interest would exist if Kennedy undertook to represent both Jarrard and defendant. *See id.* ("Without doubt, Parker, who defended Greene against criminal charges arising from the same corruption charges leveled against Campbell, would have had an actual conflict of interest [had Campbell retained him] . . . ."); *Hoffman v. Leeke*, 903 F.2d 280, 285-87 (4th Cir. 1990) (finding that an attorney labored under conflict of interest when he cross-examined one client as an adverse witness in the related trial of another client); *United States v. Martinez*, 630 F.2d 361, 362-63 (5th Cir. 1980) (finding a conflict when an attorney previously represented a witness who testified against a current client in a related matter). And because they are

partners, Kennedy's conflict of interest is imputed to Corso. *Ross*, 33 F.3d at 1522.[3]

In cases of joint representation or where a potential conflict of interest exists, the court "must promptly inquire about the propriety of [the] representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation." Fed. R. Crim. P. 44(c)(2). Unless the parties can show that no conflict of interest is likely to arise, the court "*must take appropriate measures to protect each defendant's right to counsel.*" *Id.* (emphasis added). Often, one "appropriate measure[]" is for the court to obtain a knowing, intelligent, and voluntary waiver of the right to separate

---

[3] Similarly, there can be no doubt that the conflict would warrant Kennedy's disqualification. In deciding whether an actual or potential conflict warrants disqualification, the court must examine whether the subject matter of the first representation is substantially related to that of the second. *Ross*, 33 F.3d at 1523. The court's goal is to discover whether the defense lawyer has divided loyalties. *Id.* "If the conflict *could* cause the defense attorney improperly to use privileged communications in cross-examination, then disqualification is appropriate. Indeed, it is also true that disqualification is equally appropriate if the conflict *could* deter the defense attorney from intense probing of the witness on cross-examination . . . ." *Id.* Here, the court doubts neither the relatedness of the representation, which is obvious, nor the fact that Kennedy's representation of Jarrard would deter him from probing Jarrard on cross-examination. Thus, Kennedy would be disqualified from representing defendant. Because Kennedy would be disqualified from representing defendant, Corso is too. *See Campbell*, 2007 U.S. App. LEXIS 16722 at * 10-11 (finding that district court did not abuse its discretion when it disqualified attorney whose partner previously represented a government witness).

representation.  *See United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975) (stating that waiver is effective if the defendant "understands the details of his attorney's possible conflict and the potential perils of such conflict.").

Here, however, the court does not believe that the conflict the government has identified may be waived.  Under Georgia Rule of Professional Conduct 1.7(c), a client *may not* consent to the representation, i.e., waive the conflict of interest, if the representation "involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients."  The court cannot imagine a more dangerous conflict than that under which Kennedy and Corso are laboring: their firm represents the defendant being sentenced, but it also represents a government witness that hopes to receive a Rule 35(b) motion for his efforts.  The clients are adverse, and the goals of both are antagonistic; the firm's loyalty is necessarily split.  The representation "involves circumstances [that] render[] it reasonably unlikely that the lawyer will be able to provide adequate representation to . . . the affected clients."  Ga. R. Prof. Con. 1.7(c).  Accordingly, defendant may not waive this conflict.

But even if defendant could waive the conflict and desired to waive it,[4] the court would not accept his proffered waiver. The judiciary has an independent interest in "ensuring and maintaining the integrity of our judicial system." *See, e.g., Campbell*, 2007 U.S. App. LEXIS, at *6-7. Because of this interest, "where a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver . . . ." *Wheat v. United States*, 486 U.S. 153, 159 (1988). The court appreciates defendant's confidence and trust in Corso, but "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Id.* "The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, such as when he has previously represented a person who will be called as a witness against the current client at a criminal trial." *Ross*, 33 F.3d at 1523.

This is a case where one's choice of counsel must cede to the court's "independent interest in insuring that criminal trials are conducted within the

---

[4] At the July 18th hearing, the court explained to defendant and Jarrard the issue presented by the government's motion to disqualify. Both men indicated that they understood the court's concern. Apart from that brief exchange, the court did not engage defendant directly. Because the court had already decided that it would not be appropriate to accept a waiver from defendant or Jarrard, the court did not ask either whether he would waive the conflict.

ethical standards . . . and . . . appear fair to all who observe them." *Wheat*, 486 U.S. at 160. By disqualifying Corso, the court is avoiding a situation in which the fairness of defendant's sentencing "undoubtedly and quite legitimately" could be called into question. *Id.*

Accordingly, the government's motion to disqualify defendant's counsel [150-1] is hereby **GRANTED**. Paige Pate is hereby **APPOINTED** to represent defendant. The clerk is **DIRECTED** to inform Mr. Pate of his appointment.

Moreover, defendant's motion for extension of time to file a sentencing memorandum and objections to his presentence investigation report [152-1], which the government has not opposed, is hereby **GRANTED**. Defendant shall have **ten (10) days** from the date of this order to file a presentence memorandum or objections to the presentence investigation report.

It is further **ORDERED** that this matter be set for sentencing on Monday, August 20, 2007, at 10:00 a.m., in the Third Floor Courtroom, United States Courthouse, Gainesville, Georgia.

IT IS SO ORDERED, this 24th day of July, 2007.

                                            s/*William C. O'Kelley*
                                            WILLIAM C. O'KELLEY
                                            Senior United States District Judge